UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edward Woods,<br><br>    Plaintiff<br><br>v.<br><br>Sgt. Leavitt, et al.,<br><br>    Defendants | **2:16-cv-00371-JAD-CWH**<br><br>**Order Granting Application to Proceed** ***In Forma Pauperis*** **and Screening Complaint**<br><br>[ECF No. 1] |

    Pretrial detainee Edward Woods has submitted an amended civil-rights complaint under § 1983 and an application to proceed *in forma pauperis*. Woods's IFP application and the supporting financial documentation show that he is not able to pay an initial installment toward the filing fee, so I grant him pauper status, screen his complaint, dismiss his claims without prejudice and with specific instructions for amendment, and give him until November 6, 2016, to file a second-amended complaint curing the deficiencies outlined in this order if he so chooses.

**Discussion**

**A.    Screening standard**

    The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a

---

[1] *See* 28 U.S.C. § 1915(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

person acting under color of state law.[3]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[4] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[5]

**B.     Screening Woods's amended complaint**

Woods sues a handful of Las Vegas Metropolitan Police Department ("Metro") officers for events that allegedly took place while he was a pretrial detainee at the Clark County Detention Center ("CCDC"):[6] Sgt. Leavitt, officers Parascando, Jimerson, M. Hogan, and Lt. LaPore.[7] He asserts one count and seeks monetary damages.[8]

Woods alleges that he has been retaliated against and sexually abused by Metro officers.[9] The bulk of his allegations refer to several attached grievances.[10] For example, he alleges: "Exhibit (2) confirms abusive acts of Sgt. Leavitt, officer D. Jones, officer M. Hogan, and officer J. Neville."[11] Though Woods's complaint contains some factual allegations of sexual abuse, he repeatedly refers to exhibits throughout his complaint to make additional allegations. I decline to

---

[3] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[6] ECF No. 2 at 1. Metro operates the CCDC.

[7] *Id*. at 2–3

[8] *Id*. at 4, 9

[9] *Id*. at 3.

[10] *Id*. at 4.

[11] *Id*.

piecemeal Woods's allegations in the attached exhibits and his complaint together, so I deny his amended complaint without prejudice and with leave to amend with detailed instructions for curing its deficiencies.

Woods is cautioned that, upon amendment, he must include all of his allegations in the body of his complaint. I will not refer to exhibits to find them. I also note that some of Woods's allegations are vague and conclusory. For example, he alleges that "officer D. Jones, officer M. Hogan, and officer J. Neville aid[ed] and abet[ted] Sgt. Levitt to carry out torture, gross acts of sexual assault, and deprivation of life, liberty, and happiness."[12] But Woods does not allege any facts to support these allegations—i.e., what they actually did. Such vague and conclusory allegations do not state a claim for relief.[13] Woods must keep this standard in mind if he chooses to file an amended complaint.

Additionally, though Woods titles his sole claim "sexual assault," he also alleges that defendants retaliated against him and engaged in due-process violations,[14] and he invokes the protections of the Eighth, First, Fifth, and Fourteenth Amendments.[15] If he chooses to file a second-amended complaint, Woods must clarify which claims he is bringing and separately make factual allegations to support each claim. Woods's claims appear to be based on the First, Fourth, and Fourteenth Amendments, and Woods should keep the following standards in mind if he chooses to file an amended complaint.

### 1. First Amendment retaliation claim

Prisoners have a First Amendment right to file prison grievances and to pursue civil-rights litigation in the courts.[16] To state a viable First Amendment retaliation claim in the prison context, a

---

[12] *Id.* at 4.

[13] *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[14] ECF No. 2 at 4.

[15] *Id.*

[16] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[17]

### 2. *Sexual assault, abuse, harassment, and torture allegations*

Woods appears to allege that the strip searches at the CCDC are unnecessarily intrusive and are not done for the purpose of discovering contraband but instead for the enjoyment of the officers. Strip searches in general do not violate the Fourth Amendment rights of prisoners.[18] But strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may violate a prisoner's Fourth Amendment rights.[19]

Woods's conclusory "torture" allegations and any allegations of sexual abuse outside of a strip search likely arise under the Fourteenth Amendment's due-process clause.[20] To prevail on an excessive-force claim, a "pretrial detainee must show only that the force purposefully or knowingly used against him was objectively unreasonable," which turns on the 'facts and circumstances of each particular case."[21] When evaluating the reasonableness of force used on a pretrial detainee, courts generally consider:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the

---

[17] *Id*. at 567–68.

[18] *See Michenfelder v. Sumner*, 860 F.2d 328, 332–33 (9th Cir. 1988).

[19] *Id*. at 332.

[20] Any excessive-force claim brought by Woods technically arises under the Fourteenth Amendment's due-process clause rather than the under the Eighth Amendment's cruel-and-unusual punishment clause because he is a pretrial detainee. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015).

[21] *Kingsley,* 135 S.Ct. at 2473 (internal citation omitted).

officer; and whether the plaintiff was actively resisting.[22]

### 3.  *Fourteenth amendment due-process claim*

A prisoner is entitled to procedural due-process protections only when a prison disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"[23] Courts look to three guideposts to determine whether a prison hardship is atypical and significant: (1) whether the challenged condition "mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody;" (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.[24]

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[25]

### C.  **Leave to amend**

If Woods chooses to file a second-amended complaint, he is advised that an amended complaint supersedes his first-amended complaint and, thus, the second-amended complaint must be complete in itself.[26] Woods's second-amended complaint must therefore contain all claims,

---

[22] *Id.* (internal citation omitted).

[23] *Serrano v. Francis*, 345 F.3d. 1071, 1078 (9th Cir. 2003).

[24] *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995).

[25] *See Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such

defendants, and factual allegations that he wishes to pursue in this lawsuit, and he must file it on this court's approved prisoner civil-rights form and it must be entitled "Second Amended Complaint." Woods must follow the directions on the form complaint and "[s]tate the facts clearly, in [his] own words, and without citing legal authority or argument . . . describe exactly what *each specific defendant (by name)* did to violate [his] rights." If Woods wishes to file a second-amended complaint curing the deficiencies outlined in this order, he must do so by **November 6, 2016. If Woods does not file an amended complaint by this deadline, this case will be closed without further notice.**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Woods's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Woods may maintain this action to conclusion without prepayment of fees or costs, but he will need to make payments toward the $350 filing fee until it is paid in full when he has the funds available, and he remains responsible for the full fee regardless of whether this case is dismissed. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, under 28 U.S.C. § 1915(b)(2), the Clark County Detention Center must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Edwards Woods, #1361888** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Woods is transferred to the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Woods has paid toward the filing fee, so that funds may continue to be deducted from Woods's account. The Clerk is directed to SEND a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

IT IS FURTHER ORDERED that the amended complaint **[ECF No. 2] is DISMISSED** in its

---

claims in a subsequent amended complaint to preserve them for appeal).

entirety without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to SEND Woods the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first-amended complaint [ECF No. 2]. If Woods chooses to file a second-amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. If Woods chooses to file a second-amended complaint curing the deficiencies I have outlined in this order, he must do so by **November 6, 2016. If Woods does not file an amended complaint by this deadline, this case will be closed without further notice.**

Dated this 6th day of October, 2016

_____
Jennifer A. Dorsey
United States District Judge